IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILE J. DOMINIQUE, IV,           :<br>    Plaintiff,                                  :<br>                                                   :<br>v.                                               :<br>                                                   :<br>UNITED STATES DEPARTMENT  :<br>OF DEFENSE,                              :<br>    Defendant.                              : | CIVIL ACTION NO. 24-CV-5752 |

## MEMORANDUM

**YOUNGE, J.**                                                                              **OCTOBER 30, 2024**

Emile J. Dominque, IV filed a *pro se* Complaint asserting constitutional claims against the United States Department of Defense ("DOD"). He seeks $40 trillion in damages and injunctive relief. Dominique also seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Dominique *in forma pauperis* status, and dismiss his Complaint on statutory screening.

**I.     FACTUAL ALLEGATIONS**[1]

Dominique asserts that the DOD has caused him financial loss, mental distress, loss of livelihood, reputation damage, emotional and psychological trauma, and physical harm, among other injuries. (Compl. at 6.) Dominique believes he is the Messiah and has been hunted by DOD since 2018 "to make sure that I was wiped out." (*Id*.) DOD placed him on live TV to

---

[1] The factual allegations set forth in this Memorandum are taken from Dominique's Complaint (ECF No. 1). The Complaint consists of the Court's form available to unrepresented litigants to file claims, as well as a typewritten page. Dominique also filed the typewritten page as a separate docket entry (ECF No. 4). The Court deems the entire submission to constitute the Complaint and adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

watch him while eating, showering, going to work, using the bathroom, exercising, and sleeping, resulting in "mass exploitation." (*Id.*) Because of this, private companies contracting with DOD make sure that he "get[s] nothing and am just exploited." (*Id.*) He believes the "oppression was made to traumatize people of faith, by seeing the Messiah denied of any and all justice, and having it happen live." (*Id.*) He claims his First, Fourth, Fifth, and Fourteenth Amendment rights have been violated. (*Id.*)

## II.     STANDARD OF REVIEW

The Court grants Dominique leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Dominique is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Dominique's constitutional claims are factually frivolous because they are wholly incredible. He describes fantastic and delusional scenarios about the DOD using private actors

to violate his rights that rise to the level of the irrational. Federal courts routinely dismiss allegations that the government or private actors are targeting individuals with the intention to track, surveil, harm, or defame them as factually frivolous under § 1915, finding that these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible. *See, e.g.*, *McGinnis v. Freudenthal,* 426 F. App'x 625, 628 (10th Cir. 2011) ("Mr. McGinnis' claims of electromagnetic torture [by government and prison officials] are delusional and unsupported by any factual basis. The district court did not abuse its discretion in dismissing these claims as frivolous."); *Price v. Fed. Bureau of Investigation*, No. 20-3015, 2020 WL 4368063, at *3 (E.D. Pa. July 30, 2020), *aff'd*, 845 F. App'x 106 (3d Cir. 2021) (finding plaintiff's allegations to be factually frivolous where plaintiff asserted that "numerous law enforcement agencies, attorneys, prison officials, and medical professionals have used neurological and psychological technology to control the 'four basic groups of his brain and mental functions'" and "that the use of this 'technology' and 'mind control' has caused him numerous impairments and drove him to criminal and erratic behavior"); *Nduka v. Williams*, 410 F. Supp. 3d 719, 721-722 (E.D. Pa. 2019) (finding *pro se* plaintiff's allegations of "the existence of a wide-reaching conspiracy among various rappers, producers, and their 'affiliates' specifically designed to thwart his success in the music industry by hacking devices and engaging in a social media campaign to taunt [plaintiff]" were wholly incredible and warranted dismissal as factually frivolous pursuant to § 1915(e)(2)(B)(i)). Accordingly, his claims for money damages and injunctive relief will be dismissed as factually frivolous.

In addition, to the extent Dominique asserts constitutional claims against DOD for money damages, his claims are legally baseless because *Bivens*[2] claims against the United States and its agencies are barred by sovereign immunity, absent an explicit waiver. *See Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 72 (2001); *F.D.I.C. v. Meyer,* 510 U.S. 471, 486 n. 11 (1994); *Jaffee v. United States,* 592 F.2d 712, 717 (3d Cir.1979).

An appropriate Order dismissing this case will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

/s/ John Milton Younge
**JOHN M. YOUNGE, J.**

---

[2] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971) (holding that a remedy is available for a federal agent's violation of a citizen's Fourth Amendment right to be free from warrantless searches and seizures).